# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

KEVIN BRIGGS,

Plaintiff - Appellant,

v.

GALLATIN COUNTY; JOHN DOES 1-8,
as individuals and in their official capacity as detention officers,

Defendant – Appellee.

On Appeal From The
United States District Court
District of Montana

No. 2:18-cv-00010-KLD
The Honorable Kathleen L. DeSoto
United State District Judge

## DEFENDANT'S/APPELLEES' ANSWER BRIEF

Calvin J. Stacey
Morgan M. Sorena
STACEY & FUNYAK
P.O. Box 1139
Billings, Montana   59103-1139
Phone: (406)259-4545
*Attorneys for Defendant/Appellee*

Jesse Ritchey
Silence Law Group, PLLC
20235 N. Cave Creek Blvd., Ste. 460
Phoenix, Arizona    85024
Phone:   (406) 932-8747
*Attorney for Plaintiff/Appellant*

Table of Contents

INTRODUCTION ................................................................................4

1.  STATEMENT OF CASE .............................................................6

    A.  Factual Background ..............................................................6

    B.  Procedural Background .........................................................9

2.  SUMMARY OF ARGUMENT ....................................................14

    A.  Final Jury Instruction F-20 Regarding "Some Evidence" Was The Proper Instruction, Supported By Sufficient Evidence, and Is The Standard Applicable To Pre-Trial Detainees. ..........................................................14

    B.  The District Court's Correctly Denied Summary Judgment on Briggs' Due Process Claim Regarding Calling A Witness At His Disciplinary Hearing Because There Were Disputed Material Facts Left For A Jury To Determine. ....14

    C.  The District Court Correctly Denied Briggs' Motion For Attorney Fees As Untimely. ...............................................................15

3.  ARGUMENT ...........................................................................16

    A.  Final Jury Instruction F-22 and The "Some Evidence Standard" For Pre-Trial Detainees Are Correct. ......................................................16

    B.  The District Court Did Not Err When It Denied Briggs Summary Judgment On His Claim Regarding Calling A Witness At His Disciplinary Hearing. ........26

    C.  The District Court Did Not Err When It Denied Briggs' Motion for Attorney's Fees and Costs. ..................................................30

4.  CONCLUSION........................................................................34

# TABLE OF AUTHORITIES

Cases

*Aguilar v. Thornell*, No. CV-23-00264-TUC-RCC, 2023 U.S. Dist. LEXIS 242070, *19-20 (D. Ariz. Sept. 26, 2023) ........................................................................18

*Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1101 fn.5 (9th Cir. 2011) ..................27

*Amador v. Desert Fire LLC*, No. DV-23-00264-TUC-RCC, 2022 U.S. Dist. LEXIS 124860, at *2 (D. Or. June 14, 2022) ...............................................................31

*Ashker v. Newsom*, 81 F.4th 863 (9th Cir. 2023)...................................................19

*Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2015) .....................33

*Banuelos v. Constr. Laborers' Trust Funds for S. Cal.*, 328 F.3d 897, 902-903 (9th Cir. 2004)..................................................................................................27

*Bearchild v. Pasha*, No. 21-35768, 2023 U.S. App. LEXIS 15653, *5 (9th Cir. June 22, 2023)................................................................................................24

*Bird v. Lewis & Clark Coll.*, 303 F.3d 1015, 1022 (9th Cir. 2002).........................16

*Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1074 (9th Cir. 2016) ...................16

*Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.1987)................................................21

*Chess v. Dovey*, 790 F.3d 961, 970 (9th Cir. 2015)................................................16

*De Saracho v. Custom Food Mach., Inc.,* 206 F.3d 874, 880 (9th Cir.), cert. denied, 531 U.S. 876, 148 L. Ed. 2d 126, 121 S. Ct. 183 (2000) .....................................30

*Du v. Allstate Ins. Co.*, 681 F.3d 1118, 1122 (9th Cir. 2012).................................16

*Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584 (1997) ............................19

F. R. Civ. P. 60(b) .................................................................................................13

Fed. R. Civ. P. 54(d)(2)(B)(i) ...........................................................................13, 31

*Harrington v. Scribner*, 785 F.3d 1299, 1306 (9th Cir. 2015) ...............................16

*In re Veritas Software Corp. Sec. Litig.,* 496 F.3d 962, 972 (9th Cir. 2007) .........31

*Jenkins v. Union Pac. R.R. Co.*, 22 F.3d 206, 210 (9th Cir. 1994)..........................16

*Johnson v. Leading Edge Recovery Sols., L.L.C.,* No. 12-CV-03103-CMA-CBS, 2013 U.S. Dist. LEXIS 135701 at *2 (D. Colo. Sept. 23, 2013) ........................33

*Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889-90 (9th Cir. 2000) 31

*Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996) ............................................22

*Native Vill. of Venetie IRA Council v. Alaska*, 155 F.3d 1150, 1151 (9th Cir. 1998) ............................................................................................................30

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 676 (9th Cir. 2017)...................33

*Ponce v. Lane Cnty*, No. 6:21-cv-000944-AA, 2023 U.S. Dist. LEXIS 18344, *10-11 (D. Ore. Feb. 2, 2023).................................................................................18

*Price v. Kramer*, 200 F.3d 1237, 1243 (9th Cir. 2000) .........................................27

*Robin v. City of Missoula*, 520 Fed. Appx. 496, 498-499 (9th Cir. 2013) .............25

Rule 54 .......................................................................................................31, 32, 33

*Shaw v. City of Sacramento*, 250 F.3d 1289, 1293-94 (9th Cir. 2001) ..................30

*Sira v. Morton*, 380 F.3d 57 (2nd Cir. 2004) ........................................................21
*Spicer v. Cascade Health Servs.*, 279 Fed. Appx. 440, 442 (9th Cir. 2008) ...........27
*Stevenson v. Jones*, 254 F. Supp. 3d 1080, 1093, fn. 7 (N.D. Cal. 2017)................18
*Superintendent, Massachusetts Correctional Inst. v. Hill*, 472 U.S. 445 (1985) ....18
*United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1992)................................16
*Wolff v. McDonnell*, 418 U.S. 539 (1974) ..................................................... 11, 17
*Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987)......................................19

# INTRODUCTION

Kevin Briggs "Briggs" was a pre-trial detainee at the Gallatin County Detention Center from 2014 through 2016. During his incarceration, Briggs had multiple altercations with other inmates, at least two suicide attempts, was written up for various rule infractions, and was placed on lockdown for many disciplinary reasons. In February 2015, Briggs had two altercations with another inmate and was written up. During his disciplinary hearing in February 2015 for the altercations, the County did not allow him to call a witness and ultimately determined that Briggs was guilty, warranting a disciplinary consequence. County officials testified that there were reasons for not allowing Briggs to call a witness, including his failure to properly identify the witness and for one or more of the many reasons listed in the Inmate Manual. The facts regarding why Briggs was not allowed to call a witness at the hearing were in dispute at the time of trial.

A five-day long jury trial was held on all of Briggs' claims which included a variety of due process claims. Dozens of witnesses testified at trial and a large amount of evidence was presented to the jury. At the conclusion of the five-day long trial, the jury received a set of instructions which included an instruction advising them that due process requires that a disciplinary determination be supported by "some evidence" in the record. The jury also received instructions advising them about credibility, weighing of the evidence, what is and is not

evidence, and various other instructions to assist them in determining facts and making a decision regarding Briggs' claims. After hours of deliberations, the jury concluded that Briggs had failed to meet his burden in establishing any of his claims and awarded him a total of $0.02 for two procedural due process claims that he had already successfully prevailed on at the summary judgment stage.

The jury instruction given to the jury regarding the "some evidence" standard for pre-trial detainees was the correct law and the instruction was properly formulated. Briggs' argument that the word "reliable" was needed is not supported by decades of well-established law and the cases he relies upon to support his argument are not persuasive. Further, taking the instructions as a whole and the evidence in the record, it is abundantly clear that the jury would have issued the same verdict irrespective of the jury instruction including the word "reliable" or not. Further, there were disputed facts in the record regarding the reasons why Briggs was not permitted to call a witness at his February 2015 disciplinary hearing, meaning the District Court was correct in denying Briggs' motion for summary judgment on this issue. Finally, Briggs has made an argument in this appeal regarding his post-trial motion work – but, his argument fails, because it is undisputed that Briggs failed to bring a timely Motion for Attorney's Fees pursuant to Rule 54 and any argument made otherwise fails.

In short, the District Court did not err in this matter at any point. Briggs seeks to relitigate claims that he has already lost after a five-day jury trial, and his arguments have no merit. This appeal must be denied entirely.

## 1. STATEMENT OF CASE

### A. Factual Background

Briggs was arrested in February 2014 by the Bozeman City Police in Bozeman, Montana. [3-ER-635]. Following his arrest, Briggs escaped from the Bozeman City Police Station, fled Montana, and was later arrested in Oregon. [3-ER-635]. Briggs was extradited to Montana, where he was held at the Gallatin County Detention Center ("Detention Center") pending trial on several felony charges. [3-ER-635 – 3-ER-636]. Briggs was placed in administrative segregation when he arrived at the Detention Center. [3-ER-527 – 3-ER-545]. Over the next several months, Briggs made two suicide attempts, had altercations with other prisoners, was written up for various rule infractions, and was sometimes placed on lockdown for disciplinary reasons. [3-ER-527 – 3-ER-545; 1-ER-034].

In February 2015, Briggs was involved in two altercations with another inmate, Tommy Steele, and both altercations were captured on surveillance video. [2-SER-075 – 2-SER-076; 3-ER-464]. Briggs volunteered to Officer Nicholas Waliser the dates and times of the assaults so Waliser could review the video evidence. [3-ER-463 – 3-ER-466]. Waliser reviewed the surveillance video from

February 8 and February 11 and wrote in his Report , "Steele did punch Briggs with a closed right fist once in the face," but charged Briggs with two counts of Fighting/Physical Force because, in his opinion, the video evidence showed a verbal fight between Briggs and Steele.   (2-SER-080].

Waliser questioned Steele about the incidents and Steele told Waliser that Briggs was "taunting him and kind of getting at him."   [3-ER-467].   Upon review of additional video surveillance footage, Waliser saw that on February 20, 2015, Briggs "turned and threw what appeared to be food at" Steele, who was seated next to him at a table.   [2-SER-080].   Waliser wrote up Briggs for throwing food at Steele and opined that the incident could have resulted in another fight.   [2-SER-080].

On February 22, 2015, Briggs was served with a Major Rule Infraction Report and was informed he would have a disciplinary hearing on February 26, 2015.   [3-ER-514 – 3-ER-515).   The Major Rule Infraction Report provides that the inmate has the right to "submit a list of witnesses for the hearing." [3-ER-514].   Attached to the Rule Infraction Report was a Disciplinary Offense Report.   [3-ER-512 – 3-ER-513].   Briggs signed the acknowledgment of service on both forms and wrote at the bottom of the Disciplinary Offense Report, in a space marked "Inmate Witnesses," the name of Michael Fuchs.   (3-ER-512 – 3-ER-513].   Slyngstad testified that Briggs writing Fuchs' name on the firm might have been adequate to

satisfy the Manual's requirement that an inmate submit a list of witnesses for the hearing, but Taylor testified it would **not** have been sufficient. [3-ER-471 – 3-ER-483; 3-ER-494 – 3-ER-506]. Slyngstad also testified that he thought the reason for denying Fuchs might have been because he would only provide character testimony. [3-ER-483].

Briggs' Disciplinary Hearing was conducted on February 26, 2015 with Detention Officers Brian Taylor ("Taylor") and Brett Slyngstad ("Slyngstad") on the Disciplinary Team. [3-ER-517]. The Detention Center's Inmate Manual provides that "[a]n inmate will be allowed to present documentary evidence in his/her defense and may, at the discretion of the Disciplinary Hearing Panel, be allowed to call witnesses." [2-SER-087]. The Inmate Manual lists several reasons why a witness may be denied, including if "[t]he witness' testimony would be either redundant or immaterial", "if permitting the witness to testify poses a threat to institutional safety, the safety of the witness, or the safety of third persons", and "[t]he witness' testimony concerns the general character of the inmate." [2-SER-087]. Again, Slyngstad testified he thought the reason for denying Fuchs was because Fuchs would only provide character testimony. [3-ER-483].

Briggs was found guilty of fighting in light of the video evidence and discussions with Briggs and Steele. [3-ER-517]. Briggs admitted he was guilty of throwing food. [3-ER-517]. The Major Rule Infraction Report Hearing noted

Briggs was found guilty and sentenced to 35 days in segregation. [3-ER-517]. Briggs continued to fight with other inmates following his release from segregation in March 2015. [3-ER-522].

### B. **Procedural Background**

Briggs filed his Complaint against Gallatin County on or around February 1, 2018. [3-ER-631 – 3-ER-713]. Briggs brought six "counts" against Gallatin County, alleging that Gallatin County violated his due process rights. [3-ER-648 – 3-ER-713]. In summary, Briggs alleged the following: that Gallatin County violated his procedural due process rights by failing to provide him with a written statement describing the reasons for the disciplinary action taken against him in February 2015; that Gallatin County violated his due process rights by not allowing him to call Fuchs as a witness at the February 2015 Disciplinary Hearing; and that Gallatin County's decision at the February 2015 Disciplinary Hearing was not support by evidence, in violation of his due process rights. [3-ER-649 – 3-ER-650; 3-ER-650].

On January 3, 2020, Briggs moved for summary judgment and argued that as a matter of law, Gallatin County violated his due process rights by relying on evidence at the February 2015 Hearing that did not support a disciplinary finding, issuing a written Hearing Report after the February 2015 Hearing that did not list the evidence presented or the reason for disciplinary segregation and by not allowing

him to call Fuchs as a witness at the February 2015 Hearing. [3-ER-409 – 3-ER-418]. Gallatin County opposed the motion in its entirety. [2-ER358 – 2-ER-385].

On May 20, 2020, the District Court issued its Order on Briggs' motion for summary judgment. [1-ER-033 – 1-ER-071]. The Court held that there were genuine issues of material fact regarding whether Briggs properly identified Fuchs as a witness for his February 2015 hearing and whether he was not allowed to call Fuchs to testify as a witness due to one or more of the reasons set forth in the Inmate Manual. [1-ER-051 – 1-ER-053]. The District Court therefore denied summary judgment and allowed these disputed facts to proceed to the jury. [1-ER-051 – 1-ER-053]. The Court further held that Gallatin County presented sufficient evidence to withstand Briggs' motion for summary judgment on the issue of whether the disciplinary team's decision in the February 2015 Hearing was supported by evidence and that this was an issue for the trial jury. [1-ER-055 – 1-ER-057]. Finally, the Court held that because it was undisputed that Briggs did not receive a written statement following the February 2015 Disciplinary Hearing that listed and/or identified the evidence relied on and the reasons for the disciplinary action taken, he was entitled to summary judgment on that aspect of his procedural due process claim. [1-ER-048 – 1-ER-050]. The Court noted that whether or not this particular procedural due process violation caused Briggs any damage was for the trier of fact to decide. [1-ER-050].

The District Court held a five-day jury trial beginning May 23, 2022. [1-ER-002]. On May 26, 2022, after the jury had been excused for the day, the parties discussed jury instructions. [1-ER-024 – 1-ER-032]. A discussion began regarding Instruction No. F-13 and Briggs' attorney did not object to Instruction No. F-13 as proposed by the Court but asked that the word "reliable" be inserted in the second paragraph, so it would read "a finding of guilt on a disciplinary charge must be supported by some [reliable] evidence in the record." [1-ER-024 – 1-ER-032]. The Court denied that request, and Briggs' attorney did not say anything else. [1-ER-026]. A discussion regarding Instruction No. F-20 (which, on the record, was F-22) took place shortly thereafter and Briggs' attorney stated he believed the standard was "some reliable evidence." [1-ER-026 – 1-ER-028]. Counsel for Gallatin County objected to the use of the word "reliable" in between "some" and "evidence" and noted that the standard is "some evidence," therefore the word "reliable" was inappropriate, vague, confusing, and did not meet the standard required in the case. [1-ER-028]. The Court then read the case, *Superintendent, Massachusetts Correctional Institution, Walpole v. Hill*, 472 U.S. 445 (1985) which was the legal support for the instruction. [1-ER-029 – 1-ER-030]. The Court noted that in *Hill*, the United States Supreme Court only used the standard "some evidence in the record" and that *Hill* relied on *Wolff v. McDonnell*, 418 U.S. 539 (1974), which involved a pretrial detainee and the standard for pretrial detainees.

11

[1-ER-030-1-ER-031].   The Court, relying on *Hill* and *Wolff*, found that F-22 (final instruction F-20) was an accurate statement of the law and would be given.   [1-ER-031].

On May 27, 2022, the jury awarded Briggs $0.02 in nominal damages and found that Briggs had failed to prevail on his other claims.   [1-ER-021 – 1-ER-023]. On May 31, 2022, judgment was entered.   [1-ER-020].   Twenty nine days later, on or around June 29, 2022, Briggs filed a Motion to Proceed Pro Se [2-ER-141] and a Motion To Alter or Amend and For a New Trial Under Rule 59(b) and (e).   [2-ER-124 – 2-ER-140].   He filed both in a *pro se* capacity despite still being represented by counsel.   That same day, on June 29, 2022, Briggs, this time through his attorney who was still representing him, filed a Motion for Attorney's Fees.   [2-ER-102 – 2-ER-118].   The next day, on June 30, 2020, Briggs, again through his attorney, filed a Notice of Appeal of the May 31, 2022 Judgment.   [2-SER-073].   He further filed, through his attorney, a Motion to Stay Time for Appeal on June 30, 2022.   [2-ER-097 – 2-ER-101].

On August 5, 2022, the District Court denied Briggs' Motion to Proceed Pro Se because his attorney had not moved to withdraw from the case under Local Rule 83.3(b) and because his attorney continued to litigate the matter by filing a Notice of Appeal on Briggs' behalf and moving for attorney fees and costs.   [1-ER-012 – 1-ER-013].   The Court further held that because Briggs was represented by counsel

on June 29, 2022 but still tried to file a Rule 59 motion in a pro se capacity, the Court was not required to accept pro se filings from a litigant who is represented by counsel. [1-ER-013]. The Court also denied Briggs' motion, filed through his attorney, for attorney fees because it was untimely – filed 29 days after the entry of judgment, and two weeks after the deadline for filing it had passed. [1-ER-014 – 1-ER-015]. The Court further held that Briggs had failed to file his Rule 59 Motion until after the 14-day period of time for filing a motion for attorney fees had already run, and that his Rule 59 Motion was not properly before the Court because he impermissibly submitted it pro se while represented by counsel, therefore it could not toll the time to file a motion for attorney fees. [1-ER-015 – 1-ER-016]. The Court also failed to find any compelling good cause for failure to meet the 14-day deadline for a request for attorney fees, and Briggs failed to argue that there was excusable neglect for his untimely motion for fees. [1-ER-016 – 1-ER-017]. Briggs then filed a Motion for Relief from the Order denying his motion for fees pursuant to F. R. Civ. P. 60(b). [2-SER-061 – 2-SER-072]. Briggs argued that the Court erred by denying his motion as untimely because his Rule 59 motion tolled the 14-day period of time, even though the Rule 59 motion was filed after the 14-day period of time had already run and was filed in a pro se capacity even though he was still represented by counsel. [2-SER-061 – 2-SER-072]. The County

responded in opposition. [2-SER-056 – 2-SER-060]. The Court denied Briggs' Motion for Relief on June 15, 2023. [1-SER-002 – 1-SER-010].

1. **SUMMARY OF ARGUMENT**

A. **Final Jury Instruction F-20 Regarding "Some Evidence" Was The Proper Instruction, Supported By Sufficient Evidence, and Is The Standard Applicable To Pre-Trial Detainees.**

Final Jury Instruction F-20, given to the jury pursuant to *Hill*, 472 U.S. 45, specifically stated that the jury must find "some evidence" to support the disciplinary board's determination in February 2015. This instruction was properly formulated and correctly stated the law as is clear from *Hill*. It also applies to pre-trial detainees, and Briggs' argument otherwise fails, as is clear from *Wolff,* 418 U.S. 539. Additionally, even if the standard includes the word "reliable", Briggs has failed to show any prejudice from the instruction striking the word "reliable" as it is clear from the jury instructions as a whole, and from the evidence in the record, that it is more probable than not that the jury still would have issued the same verdict in the case irrespective of the jury instruction striking the word "reliable."

B. **The District Court's Correctly Denied Summary Judgment on Briggs' Due Process Claim Regarding Calling A Witness At His Disciplinary Hearing Because There Were Disputed Material Facts Left For A Jury To Determine.**

The District Court correctly denied summary judgment on Briggs' alleged procedural due process claim arising from him not being permitted to call Fuchs as a witness at his February 2015 Disciplinary Hearing. The District Court correctly

ruled that there were disputed facts in the record regarding the reason why Briggs was not permitted to call Fuchs as a witness, and those disputed facts created a material question of fact for the jury to consider and ultimately determine. There was no "irrelevant, indecipherable, or speculative evidence" as argued by Briggs. This Court should refuse to consider Briggs' arguments regarding denial of summary judgment as the reason for the denial was that there were disputed facts, and these disputed facts were ultimately decided by the jury after a five day long trial.

### C. **The District Court Correctly Denied Briggs' Motion For Attorney Fees As Untimely.**

Briggs filed an untimely Motion for Attorney Fees that was properly denied by the District Court. A party may file a motion for attorney's fees and non-taxable costs "[n]o later than 14 days after the entry of a judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Briggs never filed such a Motion. Almost thirty days after entry of judgment, Briggs filed a pro se Motion for a New Trial despite still being represented by counsel. That Motion was not properly before the Court and could not serve as a basis to reset any deadlines or toll the 14-day deadline to move for fees, especially considering that deadline had already passed. Briggs' Motion for a New Trial was not only improper because it was filed pro se while he was still represented by an attorney but it was also filed long after the 14-day period of time in which to file a Motion for Attorney Fees – therefore, it could not serve as a basis

to toll or to "reset" any deadline to file a motion for attorney's fees because that deadline had already passed.

## 3. __ARGUMENT__

### A. __Final Jury Instruction F-22 and The "Some Evidence Standard" For Pre-Trial Detainees Are Correct.__

The standard of review for an alleged error in jury instructions depends on the nature of the claimed error. *Jenkins v. Union Pac. R.R. Co.*, 22 F.3d 206, 210 (9th Cir. 1994). Challenges to the formulation of the jury instruction are reviewed for abuse of discretion, but assertions that the instructions misstate the law are reviewed de novo. *Chess v. Dovey*, 790 F.3d 961, 970 (9th Cir. 2015); *Bird v. Lewis & Clark Coll.,* 303 F.3d 1015, 1022 (9th Cir. 2002). If the instructions "fairly and adequately cover the issues presented," the district court "is given substantial latitude in tailoring jury instructions." *United States v. Powell*, 955 F.2d 1206, 1210 (9th Cir. 1992) (internal quotation marks omitted). Thus, "[a] district court's formulation of the jury instruction is reviewed for abuse of discretion." *Du v. Allstate Ins. Co*., 681 F.3d 1118, 1122 (9th Cir. 2012) (internal quotation marks omitted) and the court must consider the instructions as a whole. *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1074 (9th Cir. 2016). A jury instruction error warrants reversal unless the error was harmless. *Harrington v. Scribner*, 785 F.3d 1299, 1306 (9th Cir. 2015).

In this case, the District Court permitted the following Final Jury Instructions:

**Instruction No. F-13**

Mr. Briggs alleges Gallatin County deprived him of his due process rights under the Fourteenth Amendment to the Constitution by failing to provide the procedural protections applicable to pretrial detainees during the February 2015 [. . .] disciplinary proceeding[.]

Under the Fourteenth Amendment, a pretrial detainee facing disciplinary action has the right to call witnesses and present documentary evidence at his disciplinary hearing when consistent with institutional safety and correction goals, and the right to a written statement of the evidence relied on and the reasons for the disciplinary action. In addition, a finding of guilt on a disciplinary charge must be supported by some evidence in the record.

**Instruction No. F-20**

Due process requires that a disciplinary hearing decision must be supported by some evidence in the record. Whether this standard is satisfied does not require examination of the entire record or independent assessment of the credibility of the witnesses or weighing of the evidence. This standard is minimally stringent, and is satisfied if there is some evidence in the record that supports the conclusion reached by the disciplinary board.

These instructions were properly formulated and were accurate statements of the law. The "some evidence" standard to support the conclusion by a disciplinary board in a pretrial detainee situation is the correct standard, despite Briggs' arguments otherwise.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court established five procedural protections that are applicable to pretrial detainees facing

disciplinary proceedings. Years later, in 1985, the Supreme Court issued its order in *Superintendent, Massachusetts Correctional Inst. v. Hill*, 472 U.S. 445 (1985) which cited and relied upon *Wolff.* In *Hill*, the Supreme Court held that a finding of guilt on a disciplinary charge for a prisoner must be supported by "some evidence in the record" and, if not, then it does not comport with the "minimum requirements of procedural due process." *Hill*, 472 U.S. at 454. Again, *Hill* cited and relied upon *Wolff*, a case involving pretrial detainees, in formulating this standard. The standard for pretrial detainees who have been found guilty in a disciplinary hearing is, therefore, whether the disciplinary finding is supported by "some evidence." *See Aguilar v. Thornell*, No. CV-23-00264-TUC-RCC, 2023 U.S. Dist. LEXIS 242070, *19-20 (D. Ariz. Sept. 26, 2023) (in a due process action brought by a pretrial detainee, the Court cited *Hill* and noted that due process requires simply "that there be some evidence to support the findings made in the disciplinary hearing."); *Ponce v. Lane Cnty*, No. 6:21-CV-000944-AA, 2023 U.S. Dist. LEXIS 18344, *10-11 (D. Ore. Feb. 2, 2023) (holding that a disciplinary decision related to a pretrial detainee must be supported by "some evidence" in the record); *Stevenson v. Jones*, 254 F. Supp. 3d 1080, 1093, fn. 7 (N.D. Cal. 2017) (holding that when a pretrial detainee brings a due process claim, there must be some evidence to support the disciplinary decision being challenged). The District Court did not err in issuing its jury instruction regarding the "some evidence" standard, as this is the correct standard.

This is especially clear based upon *Ashker v. Newsom*, 81 F.4th 863 (9th Cir. 2023). In *Ashker*, inmates challenged what they alleged to be many instances when the prison would rely on evidence for disciplinary proceedings without first establishing the evidence's reliability. *Id*. at 883. The prisoners argued that their due process rights were violated when the prison did not first establish the reliability of the evidence before relying on it. *Id*. In considering the arguments made, this Court referenced its holding in *Zimmerlee v. Keeney*, 831 F.2d 183, 186 (9th Cir. 1987) and reiterated the evidentiary standard set by the Supreme Court for disciplinary hearings: prison disciplinary "[f]indings that result in the loss of liberty will satisfy due process if there is some evidence which supports the decisions of the disciplinary board." *Id*. at 883, citing *Zimmerlee*, 831 F.2d at 186-87. This Court in *Ashker* then stated, definitively, that along with *Wolff*'s other requirements, "prison disciplinary determinations must be supported by "some evidence." *Ashker*, 81 F.4th at 883, citing *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584 (1997). This Court did acknowledge in *Ashker* that in order for confidential information, and *only* confidential information, to constitute "some evidence" under this standard, the hearing officer must establish and record the evidence's reliability to avoid a due process violation – but the standard for disciplinary determinations is, and always has been, "some evidence" and only "some evidence." *Ashker*, 81 F. 4th at 883.

In *Ashker*, notably, the district court concluded that, based on these examples, the inmates had "shown ongoing and systemic due process violations arising out of [CDCR's] failure to conduct the reliability determinations required by *Zimmerlee* before relying on evidence provided by confidential informants." *Id*. This Court held that the district court erred by holding that insufficient reliability determinations alone violate due process. *Id*. Specifically, this Court held that unreliable *confidential information* cannot qualify as "some evidence" but "it is the lack of 'some evidence' that violates due process – not necessarily the lack of sufficient reliability determinations alone." *Id*. This Court reiterated, again, that if "the disciplinary determination is supported by 'some evidence,' the due process evidentiary standard is satisfied" and "that holds true even if other confidential information has not been found reliable." *Id*. Ultimately, this Court held that the inmates in *Ashker* had not shown by a preponderance of the evidence that CDCR's disciplinary determinations were unsupported by "some evidence" – "a minimally stringent standard requiring only that there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *Id* at 883-884, internal citations omitted. Very significantly, this Court held that the "lack of reliability determinations alone does not violate due process." *Id.* at 884. There can be no doubt that the jury instruction regarding "some evidence" was proper and accurately

reflected the correct legal standard for upholding disciplinary hearing determinations and there was no error by the district court in giving this instruction.

Briggs relies on *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.1987) to support his argument that the district court erred in its instruction in this case. *Cato* is not applicable in this case, though. In *Cato*, the plaintiff inmate alleged that the prison violated his due process rights by disciplining him based solely on a confidential informant's statement. *Cato*, 824 F.2d at 703. As discussed above, reliability of evidence becomes crucial when the only evidence is from a *confidential informant*. That is not the case here. There was video evidence and other evidence supporting the reasons for disciplining Briggs, not evidence or statements from a confidential informant. The standard remains "some evidence" and only "some evidence." There was no error in the jury instruction.

Briggs also relies upon *Sira v. Morton*, 380 F.3d 57 (2nd Cir. 2004) which is equally unpersuasive here because it, just like *Cato*, involved disciplinary determinations against the plaintiff that were supported only by a confidential informant's information. *Sira*, 380 F.3d at 76-77. The Second Circuit in *Sira* performed its analysis regarding reliability only because the case involved confidential informant information, stating "a reliability inquiry has long been required when *confidential source information* is relied on to satisfy the 'some evidence' standard." *Sira*, 380 F.3d at 76-77 (emphasis added).

Finally, Briggs relies on *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 1996). This case is also unpersuasive. In *Meeks*, the Seventh Circuit reiterated the same standard that was used in the jury instruction here: findings of the prison disciplinary board must be supported by some evidence in the record. *Meeks*, 81 F.3d at 719. The Seventh Circuit in *Meeks* went even further, explained that, in ascertaining whether this standard has been met, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but rather only determine whether the prison disciplinary board's decision has some factual basis. *Id*. The Seventh Circuit did not apply a new standard of "some reliable evidence" in *Meeks* – it applied the same "some evidence" standard that was used in the jury instructions here in this case. Briggs' reliance on *Meeks* is futile.

There can be absolutely no doubt that the jury instruction regarding "some evidence" accurately and correctly reflected the legal standard that the jury needed to apply. This "some evidence" standard is the standard that is applied in every single case like the one here, and doing so in this case was proper.

Further, there is no evidence presented or argument made by Briggs that the jury instruction regarding "some evidence" prejudiced him or harmed him in any way, or that the jury would not have found exactly as it did irrespective of the jury instruction. Briggs argues that because counsel for Gallatin County discussed the

standard during closing argument, he was harmed. Of course, closing argument is not evidence for the jury to consider and there was a jury instruction detailing that given to the jury in this case – Instruction No. F-4. Briggs cannot genuinely argue that the jury was persuaded solely by the very brief discussion of the "some evidence" standard made by counsel during closing argument when they were also instructed that closing argument is not evidence they can rely upon when deciding facts in the case.

Additionally, even if the jury had been instructed that it needed to find "some reliable evidence," the jury would have performed the same analysis of the same evidence, weighed the credibility of the same witnesses, and returned with the same verdict. Injecting the word "reliable" into the instruction would have made no difference, especially when the jurors were provided with a number of other instructions such as Instruction No. F-5 which detailed the definitions of direct and circumstantial evidence and Instruction No. F-6 which detailed what to consider when weighing a witness's testimony, for example. The jury was presented with a large amount of evidence in support of the County's defense including the direct evidence – the video surveillance footage – which was the basis for disciplining Briggs in the first place. The jury was permitted to consider that evidence itself in its deliberations as well as weigh the testimony from dozens of witnesses at trial who testified regarding the disciplinary hearing decision. And, as this Court knows, jury

instructions are read as a whole, and in this case, there is no error in the "some evidence" instruction given and certainly no error at all when the instructions are read as a whole and when viewing the evidence as a whole in the record. *See Bearchild v. Pasha*, No. 21-35768, 2023 U.S. App. LEXIS 15653, *5 (9th Cir. June 22, 2023) (holding that, even assuming that the first question on the jury verdict form could have been more artfully drafted, the instructions informed the jury of the correct law and the jury instructions and verdict form, taken as a whole, properly instructed the jury on the law).

Briggs had every opportunity during the trial to challenge the reliability of the evidence presented by the County and argue during his closing that the evidence did not amount to "some evidence" for the jury to consider and he had the opportunity to make arguments regarding its reliability. Briggs had the opportunity to challenge each witness's credibility regarding their interpretation of the video evidence against him and their determinations. Briggs had the opportunity to present his own testimony regarding the video evidence itself. The County presented a tremendous amount of evidence in support of its arguments, including witness testimony from a variety of witnesses regarding the disciplinary decision and the video evidence that they relied upon when making that determination. In short, based on the record, the jury would have issued its verdict denying all of Briggs' claims and awarding him only $0.02 for the procedural due process violations irrespective of the jury

instruction including the word "reliable" or not. Briggs' argument otherwise has no basis in fact. Even if the instruction should have included the phrase "some reliable evidence" rather than "some evidence," which the County contends is not the case here, the instruction as given was harmless and there is no basis to award Briggs a new trial. *See Robin v. City of Missoula*, 520 Fed. Appx. 496, 498-499 (9th Cir. 2013) (holding that although there was error in a jury instruction, the error was harmless and did not warrant a new trial because the evidence at trial showed the defendant's arguments were supported and a properly instructed jury "probably would not have found" for the plaintiff); *Bearchild*, 2023 U.S. App LEXIS at *5.

The District Court in this case did not err in issuing a jury instruction advising the jury that a disciplinary determination must be supported by "some evidence." Instruction No. F-13 and No. F-20 were proper and accurate statements of the law, and the "some evidence" standard is the correct legal standard that applied to Briggs' alleged due process violation claims. There was no error by the District Court, and Briggs' argument is not persuasive. Briggs' argument that this standard was incorrect as he was a pretrial detainee also fails. "Some evidence" in support of a disciplinary determination is the correct legal standard applied to pretrial detainees, as well as inmates, and the County encourages this Court to deny any request by Briggs that it adopt a new standard in this or any other pretrial detainee case. Briggs has cited no legal authority or provided any other evidence to support his request

that this Court adopt an entirely new standard for pretrial detainees and reverse

decades of precedent establishing that the "some evidence" standard applies to cases

with pretrial detainees like Brigg.

Additionally, even if there was an error in one jury instruction, the instructions

read as a whole and the evidence in the record shows that there is no way that the

error was prejudicial to Briggs. There is no doubt that even if the word "reliable"

had been inserted into the jury instruction, the jury would have still issued the same

verdict based upon the substantial amount of evidence presented at trial as well as

their understanding of direct evidence, circumstantial evidence, what constitutes

evidence and what does not, and how to weigh and evaluate evidence in determining

facts. In short, there was no error in the jury instructions and even if there were, it

was harmless and does not warrant reversal or an entirely new trial.

**B. The District Court Did Not Err When It Denied Briggs Summary Judgment On His Claim Regarding Calling A Witness At His Disciplinary Hearing.**

As discussed above, Briggs moved for summary judgment on his claim that

the County violated his due process rights when it refused to allow witnesses to

testify at his disciplinary hearing. To start, this Court should not even consider

Briggs' argument because he is trying to appeal a denial of a motion for summary

judgment after a full trial on the merits. Second, the District Court correctly denied

his motion, findings that questions of fact existed with respect to that issue and that

it was up to the jury to make those factual determinations. The District Court did not err, and Briggs' appeal on this issue must be denied.

In general, a lower court's denial of a pretrial motion for summary judgment is not reviewable on appeal from a final judgment entered after a full trial on the merits. *Price v. Kramer*, 200 F.3d 1237, 1243 (9th Cir. 2000). If a district court denied a motion for summary judgment based on a disputed issue of fact, and that issue of fact was decided in a subsequent trial, this Court should not engage "in the pointless academic exercise of deciding whether a factual issue was disputed after it has been decided." *Banuelos v. Constr. Laborers' Trust Funds for S. Cal*., 328 F.3d 897, 902-903 (9th Cir. 2004); *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1101 fn.5 (9th Cir. 2011); *Spicer v. Cascade Health Servs.*, 279 Fed. Appx. 440, 442 (9th Cir. 2008). In this case, Briggs' attempt to ask this Court to review the District Court's Order denying summary judgment because of disputed facts should not even be considered by this Court because this case proceeded to a full, five-day jury trial on the merits and a final judgment was entered based upon the jury's factual findings and determinations.

Even if this Court were to consider the appeal, which it should not, Briggs' argument must be denied. The District Court did not err when it found factual disputes in the record and did not err when it denied summary judgment on this basis. As this Court knows, under Federal Rule of Civil Procedure 56(a), a party is entitled

to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party must establish that there is an absence of any genuine issue of material fact. *Celotext Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

In this case and specifically in regard to Briggs' alleged due process violation due to the County's refusal to allow him to call Fuchs as a witness at his disciplinary hearing, it is clear from the record that the District Court properly found disputed facts that prevented it from granting summary judgment to Briggs. The County provided testimony from Officer Taylor's deposition to support their argument that Briggs did not properly identify Fuchs as a witness, therefore he was not permitted to call him. Briggs contended he did properly identify Fuchs. The County also provided testimony from Officer Slyngstad that he thought the reason for denying Fuchs might have been because he would only provide character testimony. The Detention Center Inmate Manual, which was part of the record, provided that the County had discretion to allow Briggs to call witnesses or not, and could refuse to allow him to call a witness for several reasons. With all of this evidence before it in the record, the District Court correctly held that there were disputed facts regarding whether it was sufficient for Briggs to handwrite Fuchs' name on the Offense Report and whether Fuchs was not allowed to testify as a witness for one of the reasons set forth in the Inmate Manual. In light of these disputed facts which

were required to be determined by the jury, the District Court denied Briggs' summary judgment request on this issue. Briggs even admits in his own briefing to this Court that there was "disputed testimony" regarding why Fuchs was denied as a witness.

None of the testimony or evidence presented to the District Court which it relied upon in making its decision was "conclusory and speculative testimony" as argued by Briggs. Officers Taylor and Slyngstad both testified their beliefs as to why Fuchs was either identified or not identified properly as a witness. The Inmate Manual was unclear on this issue. None of this was speculative or conclusory, and it was all properly before the District Court when it made its decision that disputed facts existed.

In his briefing to this Court, Briggs also fails to address the factual dispute regarding why Fuchs was not permitted to testify at his hearing and explain or argue, in any persuasive manner, as to why this disputed fact did warrant denial of summary judgment. Officer Slyngstad clearly provided a reason as to why Fuchs was not permitted. The Inmate Manual also provided reasons as to why a witness may not be permitted at a hearing. The District Court was entirely correct in determining that there was a factual dispute as to why Briggs was not permitted to call Fuchs as a witness at his disciplinary hearing and Briggs, again, has absolutely no basis to challenge this determination. The District Court did not err or speculate in its Order

denying summary judgment. This issue was properly before the jury, which heard five days of testimony at trial and considered five-days' worth of evidence regarding this issue. The jury ultimately determined that Briggs did not carry his burden in establishing that the County violated his due process rights by refusing to allow Fuchs to testify. This Court should not review this issue at all, and even if this Court did, it is clear the District Court properly found disputed facts that needed to be decided by the jury at trial.

Briggs' argument regarding the District Court's denial of his summary judgment motion with respect to Fuchs as a witness fails and must be denied by this Court.

## C. <u>The District Court Did Not Err When It Denied Briggs' Motion for Attorney's Fees and Costs.</u>

A district court's grant or denial of fees is reviewed under an abuse of discretion standard. *See Shaw v. City of Sacramento*, 250 F.3d 1289, 1293-94 (9th Cir. 2001); *Native Vill. of Venetie IRA Council v. Alaska*, 155 F.3d 1150, 1151 (9th Cir. 1998). If Rule 60(b) applies, the grant or denial of a motion under that rule is reviewed for an abuse of discretion. *See De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir.), cert. denied, 531 U.S. 876, 148 L. Ed. 2d 126, 121 S. Ct. 183 (2000).

In this case, the District Court properly denied Briggs' motion for attorney's fees and costs and did not abuse its discretion in doing so, or in failing to reset the

deadline for his request for attorney fees. The District Court also properly denied Briggs' Motion for Relief from the Order denying his request for attorney's fees – an Order that Briggs failed to discuss in his briefing to this Court.

After a five-day jury trial, judgment was entered in this case on May 31, 2022. Pursuant to Fed. R. Civ. P. 54(d)(2)(B)(i), a prevailing party must file a motion for attorney's fees and costs no later than 14 days after the entry of judgment. This means that any motion for attorney's fees in the case was due no later than June 14, 2022. Briggs never filed a single motion for any relief, including attorney's fees, after entry of judgment until June 29, 2022 – a full 14 days past the deadline pursuant to Rule 54. A party's "failure to comply with the time limit in Rule 54 is a sufficient reason to deny a motion for fees absent some compelling showing of good cause." *Amador v. Desert Fire LLC*, No. CV-23-00264-TUC-RCC, 2022 U.S. Dist. LEXIS 124860, at *2 (D. Or. June 14, 2022), report and recommendation adopted, 2022 U.S. Dist. LEXIS 124709, 2022 WL 2754851 (D. Or. July 14, 2022) (quoting *In re Veritas Software Corp. Sec. Litig.,* 496 F.3d 962, 972 (9th Cir. 2007); *see also Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889-90 (9th Cir. 2000).

It is undisputed that Briggs' Motion for Attorney's Fees pursuant to Rule 54 was untimely. It was filed a full 14 days late. The District Court properly held that there was no statute excepting § 1983 cases like his from the requirements of Rule 54, and the Court had not entered any orders extending the 14-day deadline, therefore

his Motion was untimely. The Court further engaged in an analysis as to why Briggs' Rule 59 Motion did not toll his time to file the Motion for Attorney's Fees because the Rule 59 Motion was not filed until after the 14-day time period had already expired. Further, the Court also ruled that Briggs' Rule 59 Motion was not properly before the Court because Briggs impermissibly submitted it in a pro se capacity while still represented by counsel. There can be no doubt that the District Court did not abuse its discretion when it denied Briggs' Motion for Attorney's Fees as untimely for all of these reasons. The District Court even analyzed whether or not Briggs had shown compelling good cause for failing to meet the 14-day deadline under Rule 54 or if there was excusable neglect giving the Court the ability to accept the untimely motion – ultimately concluding Briggs had failed to establish either compelling good cause or excusable neglect.

Briggs filed a Motion for Relief from the District Court's Order denying Briggs' request for fees, which was properly denied by the District Court as well. Briggs already tried to argue in his Motion for Relief that his Rule 54 Motion tolled the time to file a Rule 54 Motion for Fees. Just as he failed to do in his Motion for Relief, Briggs again fails to cite any authority in this appeal to support his position that by filing a Rule 59 Motion thirty days after judgment was entered, this somehow tolled the 14-day deadline to file a request for attorney's fees pursuant to Rule 54. That is because there is none. Briggs did not timely file a Rule 54 Motion for Fees,

and the District Court properly denied not only his Motion for Fees but also his Motion for Relief. *See e.g. Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 676 (9th Cir. 2017); *Johnson v. Leading Edge Recovery Sols., L.L.C.,* No. 12-CV-03103-CMA-CBS, 2013 U.S. Dist. LEXIS 135701 at *2 (D. Colo. Sept. 23, 2013) ("[T]he Court declines to grant attorney fees because Plaintiff did not include a fair estimate of fees in his initial motion, making the instant motion untimely.").

Briggs relies solely on *Bailey v. County of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2015) in support of his argument that the District Court should have "reset" the deadline for Briggs to file a motion for attorney's fees – however, *Bailey* is unpersuasive here. Even if *Bailey* did stand for the idea that a Rule 59 Motion filed later than 14-days after final judgment tolled the already expired deadline to file a Rule 54 Motion, in this case Briggs did not timely or appropriately file a Rule 59 Motion because he filed the motion in a pro se capacity while he was still represented by counsel. Because Briggs did not properly file a Rule 59 motion and there was no Rule 59 motion properly before the District Court, the deadline to file a Rule 54 Motion was not tolled. The District Court did not err or abuse its discretion when it dismissed Briggs' Rule 54 Motion as untimely, or when it denied Briggs' Rule Motion for Relief from the Order denying his Rule 54 Motion.

## 4. **CONCLUSION**

Briggs' appeal should be denied entirely. The "some evidence" standard which was included in the jury instructions for this case was the correct law and the correct formation for a jury instruction. The law for decades has been, for both prisoners and pretrial detainees, that in order for due process to have been met, a disciplinary determination against an inmate must be supported by "some evidence" in the record. Briggs' reliance on cases involving the reliability of confidential informant information to support disciplinary determinations is unpersuasive here because this case does not involve any confidential informant information. In any event, even if the word "reliable" should have been included in the jury instructions, which it should not have been, there was no harm to Briggs because based upon the evidence in the record and the instructions as a whole, the jury would have returned the same verdict irrespective of the instruction.

The District Court properly denied Briggs' summary judgment motion regarding his inability to call Fuchs as a witness at his February 2015 disciplinary hearing because there were disputed facts in the record. This Court should not even entertain Briggs' attempt to argue otherwise, as this issue went to the jury who made determinations of fact and decided against Briggs on this issue. There was no error by the Court, as disputed facts were required to go to the jury, and they did in this case.

Finally, Briggs never properly filed any motion to toll or extend the deadline to file a Motion for Attorney Fees pursuant to Rule 54. His Motion was untimely and properly denied by the District Court. Briggs has no supportive authority for his position that his improper pro se Rule 59 Motion filed almost 30 days after entry of final judgment while he was still represented by counsel did anything, procedurally, to extend his 14-day period of time to file a Rule 54 Motion for Fees. The District Court did not err in denying this Motion by Briggs

Briggs appeal should be denied in its entirety.

**DATED** this 9th day of December, 2024.

STACEY & FUNYAK

By: /s/ Morgan M. Sorena
     Morgan M. Sorena
     Calvin J. Stacey
     Attorneys for
     Defendant/Appellee
     Gallatin County

## CERTIFICATE OF SERVICE

I hereby certify that on the <u>9th</u> day of December, 2024, a true and correct copy of the foregoing ***Defendant's/Appellee's Answer Brief*** was served upon the following person(s) by the following means:

<u>1,2</u>       CM/ECF
_____    Hand Delivery
_____    Mail

1.    Clerk of Court

2.    Jesse R. Ritchey
Silence Law Group
20235 N. Cave Creek Blvd., Ste. 104 #460
Phoenix, AZ   85024

STACEY & FUNYAK

By:   <u>/s/ Morgan M. Sorena</u>
Morgan M. Sorena
Calvin J. Stacey
Defendant/Cross-Appellant,
Gallatin County

# CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g)(1) of the Federal Rules of Appellate Procedure, I certify that the foregoing document is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count calculated by Microsoft Word 2016 is 7,904 excluding caption, certificate of compliance and certificate of service.

DATED this 9th day of December, 2024.

STACEY & FUNYAK

By:  /s/ Morgan M. Sorena
     Morgan M. Sorena
     Calvin J. Stacey
     Defendant/Appellee
     Gallatin County